IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EVOLVE BANK & TRUST                                              PLAINTIFF

v.                          No. 3:20-cv-258-DPM

HECTOR BOVE a/k/a Hector Esteban
Bove Armand Ugon; RAVEN AGRICULTURE,
LLC; DELTA BAY AGRI, LLC; and TOGO
FARMING, LLC                                                    DEFENDANTS

ORDER

1. Evolve Bank & Trust says it's been cheated. The bank claims that Bove, the named companies, and another Bove-related company, ran a scheme involving fraudulent checks, loan applications, and financial disclosures to buy real property in Arkansas. All told, the bank alleges a fraud exceeding $800,000. The affected accounts have been drained, and outstanding liabilities to third parties remain owed. Bove and the other defendants moved to dismiss Evolve's initial complaint, and Evolve filed an amended complaint, mooting the motion. Bove and the entities now seek to dismiss Evolve's amended complaint for failure to state a claim. The Court accepts the pleaded facts as true. *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

2. Evolve has demonstrated standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). It pleads concrete injury from the

electronically deposited checks that lacked an endorsement from a co-payee (Farm Credit) and withdrawn cash in the amount of $507,081.87, and from the fraudulently obtained loan in the outstanding amount of $333,603.80. Those reported losses stem directly from the purported fraud. And Evolve will be made whole if it prevails on its claims. There's a live controversy here. The bank doesn't have to pay Farm Credit on the front end or wait to be sued. Liquidation issues or questions of "who owes what to whom?" will be handled as they arise.

Evolve must plead its causes of action with enough specificity to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And because the bank alleges fraud, the complaint is subject to Federal Rule of Civil Procedure 9(b)'s heightened standard. Evolve has pleaded a plausible civil RICO claim, 18 U.S.C. § 1961, *et seq.* There's a sufficiently pleaded association-in-fact enterprise under Bove's direction and control. *Boyle v. United States*, 556 U.S. 938, 946 (2009); *see also Kruse v. Repp*, 2020 WL 1317479, at *19 n.14 (S.D. Iowa 20 March 2020). Allegedly, the companies opened accounts with Evolve between 2016 and 2018, deposited checks electronically (which obscured whether another payee had endorsed them), withdrew cash at Bove's direction, and moved the funds to a related-but-not-sued company (Delta Bay Investments) then on to Bove for personal use. The named companies — Raven, Delta Bay Agriculture, and TOGO — share the same address in Cherry Valley. Bove controls all three companies and

is the registered agent for each. He likewise controls, Evolve pleads, the unnamed company, Delta Bay Investments. There's a sufficiently pleaded pattern of racketeering. *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 355–56 (8th Cir. 2011). Evolve's amended complaint includes plausible wire fraud claims, 18 U.S.C. § 1343, and plausible bank fraud claims, 18 U.S.C. § 1344. Those are sufficient predicate acts. And the amended complaint demonstrates at least open-ended continuity, *Craig Outdoors Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008), because Bove and the companies' alleged fraud continues forward into the future through the unpaid indebtedness. Finally, Evolve pleads its civil RICO claim with enough particularity. FED. R. CIV. P. 9(b). The complaint spells out "the who, what, when, where, and how" of Evolve's RICO allegations over the course of its almost two hundred paragraphs and in the attached agreements. *Crest Construction II*, 660 F.3d at 353. Taking everything alleged as true at this point, there's more here than just loose business or broken promises.

* * *

The motion to dismiss by Bove and the companies, Doc. 20, is denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 June 2021

- 3 -